**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Richard Allen Woodbury, Appellant.

Appellate Case No. 2014-000390

Appeal From Marion County
D. Craig Brown, Circuit Court Judge

Unpublished Opinion No. 2016-UP-111
Submitted February 1, 2016 – Filed March 2, 2016

**AFFIRMED**

Appellate Defender Lara Mary Caudy, of Columbia, for
Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Deputy Attorney General Deborah R.J. Shupe,
both of Columbia; and Solicitor Edgar Lewis Clements,
III, of Florence, for Respondent.

**PER CURIAM:** Richard Allen Woodbury appeals his conviction for voluntary
manslaughter, arguing the trial court erred by (1) charging the jury on mutual

combat because there was no evidence of a mutual intent and willingness to fight, no evidence Woodbury and the victim knew the other was armed, and no evidence of any ill will or dispute between Woodbury and the victim; and (2) failing to charge the jury on the lesser-included offense of involuntary manslaughter. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to the propriety of the trial court's charge on mutual combat: *State v. Whipple*, 324 S.C. 43, 52, 476 S.E.2d 683, 688 (1996) ("[F]ailure to object to the charge as given, or to request an additional charge when given an opportunity to do so constitutes a waiver of [the defendant's] right to complain on appeal.").

2. As to the trial court's refusal to charge the jury on involuntary manslaughter: *State v. Stanko*, 402 S.C. 252, 264, 741 S.E.2d 708, 714 (2013) ("This [c]ourt will not reverse a trial court's decision regarding a jury instruction absent an abuse of discretion."); *State v. Knoten*, 347 S.C. 296, 302, 555 S.E.2d 391, 394 (2001) ("The law to be charged must be determined from the evidence presented at trial."); *State v. Smith*, 315 S.C. 547, 549, 446 S.E.2d 411, 412-13 (1994) ("The trial court may and should refuse to charge on a lesser-included offense where there is no evidence that the defendant committed the lesser rather than the greater offense.").

**AFFIRMED.**

**FEW, C.J., and SHORT and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.